**Z.S., Appellant,**

v.

**J.F., Appellee.**

No. 29A02–0907–JV–709.

Court of Appeals of Indiana.

Dec. 17, 2009.

---

John Steinkamp, John Steinkamp & Associates, Indianapolis, IN, Attorney for Appellant.

Trenna S. Parker, Trenna S. Parker, P.C., Noblesville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Z.S. ("Father") appeals the trial court's order granting J.F.'s ("Mother") motion for relief from judgment.

We affirm.

### ISSUE

Whether the trial court abused its discretion in granting Mother's motion for relief from judgment.

### FACTS

Mother gave birth to C.S. on March 11, 2004. On March 12, 2004, Mother and Father executed a paternity affidavit. Mother and Father lived together from C.S.'s birth until the fall of 2008. After the parties separated, C.S. resided with Mother, and Father paid child support in the amount of thirty dollars per week.

On November 13, 2008, the Hamilton County prosecutor filed the parties' paternity affidavit and a petition to establish appropriate child support in the Hamilton Circuit Court. Father, by counsel, served Mother, who was without counsel, with discovery on or about November 30, 2008.

On January 13, 2009, Father, by counsel, filed a petition for custody, which was not served on Mother. The trial court held a preliminary hearing on February 26, 2009, during which Mother appeared pro se and Father by counsel. Pursuant to an agreement of the parties, the trial court entered a preliminary order on February 27, 2009, and set the final hearing for March 17, 2009.

Pursuant to the agreed preliminary order, the parties stipulated that they "shall share joint legal custody of [C.S.] and [Mother] shall have physical custody of" C.S. (Mother's App. 43). The order also provided that the issues of Father's child-support arrearage; the payment of out-of-pocket healthcare expenses from the pregnancy or birth; and who would receive the dependent tax exemption for C.S., would be determined at the final hearing.

The trial court held the final hearing on March 17, 2009, at which Mother again appeared pro se, and Father appeared by counsel. The Hamilton County prosecutor appeared on behalf of C.S. regarding the sole issue of child support. According to the chronological case summary, the parties reached an agreement, which was "placed on the record," with Father's counsel agreeing to provide a written formal agreement for the trial court. (Mother's App. 5).

On March 18, 2009, the trial court entered its judgment, finding and ordering as follows:

1. *Paternity.* [Father] is adjudged to be the legal and biological father of [C.S.], born on March 11, 2004, to [Mother]. . . .

2. *Custody.* The parties shall share joint legal and physical custody of [C.S.] who shall reside primarily with [Father].

. . . .

4. *No Child Support Obligations.* As a result of the signed child support worksheet, no child support obligation shall be exchanged between the parties. . . .

. . . .

6. *Child Support Arrearage.* [Father] has a child support arrearage in the amount of [$1,377.00]. [Father]'s child support obligation in the amount of [$111.00] from the Preliminary Agreement shall be applied retroactively to the date of filing.

(Mother's App. 34–35).

Also on March 18, 2009, counsel for Mother filed an appearance on her behalf.

On March 25, 2009, Mother, by counsel, filed a motion for relief from judgment pursuant to Indiana Trial Rule 60, alleging surprise. She asserted, *inter alia,* that Father had failed to serve her with a copy of his petition for custody; she "was unaware on March 17, 2009 that custody and parenting time were in issue"; and that during the March 17, 2009 hearing, "she agreed to the proposal from counsel for [Father] because she did not understand what 'primary physical custody' meant[.]" (Mother's App. 21, 22).

The trial court held a hearing on Mother's motion on June 12, 2009. Trudy Martin, the Hamilton County deputy prosecutor, testified that the prosecutor's office represents the children in paternity and child support matters. She further testified that prior to February 23, 2009, she had explained to Father's counsel that her office did not represent Mother. According to Martin, her office received a copy of Father's petition for custody but did not forward it to Mother as it did not represent her.

Mother testified that she believed the final hearing on March 17, 2009, was to determine child support only and did not become aware of Father's petition for custody until testimony was presented at the hearing. She testified that she "wasn't aware that [she] could" stop the hearing once she discovered that custody was at issue. (Tr. 27). She further testified that when Father's counsel proposed that she agree to Father receiving physical custody of C.S., she orally did so because she "was afraid that no matter what [she] did [she] was still go[ing] to lose" C.S. (Tr. 28). According to Mother, however, Father's counsel did not present a written proposed agreed order, and she did not sign an agreement. Father did not refute her latter assertion.

Mother acknowledged that when, during the hearing, the trial judge held up a document, presumably the petition for custody, and asked, " 'Did you get this pleading January 13, 2009,' " she replied that she had. (Tr. 25). She, however, testified that she could not see the document at a distance and believed it to be Father's discovery request.

Father testified that prior to the final hearing, he and Mother had "discussed that [custody] was going to be an issue." (Tr. 46). After closing arguments, the trial judge noted that "from the Court's recollection, when the custody issue came up, [Mother's] immediate reaction was surprise." (Tr. 60).

On June 12, 2009, the trial court entered its order, granting Mother's motion for relief from judgment. It therefore vacated its final judgment and ordered the agreed preliminary order of February 27, 2009, into effect.

## DECISION

Father asserts that the trial court abused its discretion in granting Mother's motion for relief from judgment. He argues that Mother failed to show sufficient grounds for relief under Trial Rule 60(B); Mother did not allege a meritorious claim or defense; and that the trial court's order conflicts with "Indiana's favoring of settlement agreements[.]" Father's Br. at 1.

We review a trial court's denial of a motion for relief from judgment for abuse of discretion. *Case v. Case,* 794 N.E.2d 514, 517 (Ind.Ct.App.2003). A trial court abuses its discretion when its denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *G.B. v. State,* 715 N.E.2d 951, 953 (Ind.Ct.App.1999).

A motion for relief from judgment pursuant to Trial Rule 60(B) may not be used as a substitute for a direct appeal. *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct.App.2002), *reh'g denied.* Rather, Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Id.*

1. *Surprise*

■ Father maintains that Mother failed to establish a case for relief pursuant to Trial Rule 60(B)(1), which provides that the trial court may relieve a party from a final judgment for "mistake, surprise, or excusable neglect[.]" We disagree.

> A trial court's discretion in this area is necessarily broad because any determination of mistake, surprise, or excusable neglect turns upon the particular facts and circumstances of each case. Because the circumstances of each case differ, there are no fixed rules or standards for determining what constitutes mistake, surprise, or excusable neglect. In making its determination, the trial court must balance the need for an efficient judicial system with the judicial preference for resolving disputes on the merits.

*Fitzgerald v. Cummings*, 792 N.E.2d 611, 614 (Ind.Ct.App.2003) (internal citations omitted). Thus, what constitutes "surprise" depends on the particular facts and circumstances of each case.

Here, Father filed a petition for custody but failed to serve it on Mother, whom he knew was without counsel. Although the Hamilton County prosecutor's office received a copy of the petition, it did not forward it to Mother since it was not representing her. Thus, Mother was unaware that custody would be at issue during the final hearing. Based upon the agreed pre-

liminary order, she believed that only issues regarding child support, medical expenses, and tax exemptions were to be resolved during the final hearing. Although Mother attested that she had received the petition for custody when shown the document from a distance, she later testified that she believed the document shown to her to be Father's discovery request. At no time during the proceedings, did Mother have benefit of counsel.

Given the particular facts and circumstances of this case, we cannot say that Mother failed to adequately establish surprise, where Father failed to serve Mother, whom he knew was without counsel, with his petition for custody, and she was unaware that the custody would be determined at the final hearing. Furthermore, given that something as paramount as custody of a minor child is at issue, we find that Mother has established extraordinary circumstances, warranting relief from judgment. *See In re Paternity of T.G.T.*, 803 N.E.2d 1225, 1230 (Ind.Ct.App.2004) (finding that the trial court abused its discretion in denying a motion for relief from judgment "[g]iven the strong policy consideration where child custody is at issue"), *trans. denied.*

2. *Meritorious Claim or Defense*

■ Father also maintains that Mother failed to present a meritorious claim or defense. Trial Rule 60(B) provides that a party moving for relief from judgment due to mistake, surprise, or excusable neglect must "allege a meritorious claim or defense."

> A meritorious defense is one that would lead to a different result if the case were tried on the merits. The movant need not prove absolutely the existence of a meritorious defense. The movant must show, however, enough admissible evidence to make a prima facie showing of

a meritorious defense indicating to the trial court the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand.

*Bunch v. Himm,* 879 N.E.2d 632, 637 (Ind. Ct.App.2008) (internal citations omitted).

In this case, Father and Mother preliminarily agreed that Mother "shall have physical custody of" C.S. (Mother's App. 43). Thus, it is clear that, initially, the parties had agreed that Mother should have physical custody of C.S. Mother therefore presented prima facie evidence of a meritorious defense.

Given that Mother's testimony and the particular facts and circumstances of the case established a prima facie showing of a meritorious defense, we find no abuse of discretion in the trial court granting her motion for relief from judgment pursuant to Trial Rule 60(B)(1).

3. *Policy in Favor of Settlement Agreements*

■ Father also asserts that the trial court abused its discretion in granting Mother's motion for relief from judgment "because the parties had reached an agreement." Father's Br. at 13. We disagree.

■ Generally, "[a] property settlement that is incorporated into a final divorce decree is a binding contract, and the dissolution court may not modify that settlement absent fraud, duress, or undue influence." *Rothschild v. Devos,* 757 N.E.2d 219, 223 (Ind.Ct.App.2001). This case, however, involves neither a dissolution nor a property settlement. Rather, it involves custody of a minor child.

When custody, support, or visitation issues are being determined, the best interests of the child are the primary consideration. Though the wishes of the parent are to be given great weight, "it

is the duty of the trial court to determine if any agreement is in the best interests of the child." Therefore, no agreement between parties that affects custody, regardless of whether it is in the first instance or upon modification, is automatically binding upon the trial court.

*T.G.T.,* 803 N.E.2d at 1228.

Given the paramount importance of the child's best interests, the trial court *shall* "conduct a hearing to determine the issues of support, custody, and parenting time," following an initial determination of paternity. Ind.Code § 31–14–10–1. Indiana Code section 31–14–13–2 provides that the trial court "shall determine custody in accordance with the best interests of the child."

In determining the child's best interests, there is not a presumption favoring either parent. The court shall consider all relevant factors, including the following:

(1) The age and sex of the child.

(2) The wishes of the child's parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parents;

(B) the child's siblings; and

(C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall

consider the factors described in section 2.5(b) of this chapter.

Only where "the mother and the alleged father execute and file with the court a verified written stipulation" or "have filed a joint petition[,] resolving the issues of custody, child support, and parenting time," may the trial court make findings and orders without holding the hearing required by Indiana Code section 31–14–10–1.

At no time did Mother execute a written agreement or file a joint petition resolving the custody issue. Consequently, the trial court was required to hold a hearing to determine custody in accordance with C.S.'s best interests. The record, however, does not disclose, and neither party asserts, that they submitted evidence regarding whether it would be in C.S.'s best interests for Father to have primary physical custody. Instead, it appears that the parties merely entered into a suspect oral agreement that Father would receive physical custody of C.S. Father's counsel subsequently submitted a written agreement, which Mother did not execute.

"Given the strong policy considerations where child custody is at issue"; the lack of a fully disclosed written and executed agreement; and the lack of evidence regarding C.S.'s best interests in this case, we find no abuse of discretion in granting Mother's motion for relief from judgment. See T.G.T., 803 N.E.2d at 1230.

Affirmed.

KIRSCH, J., and MAY, J., concur.