ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 04 2016, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

IN THE

# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Intervenor,*

v.

Chad T. Mooney,
Brittany McCool,

*Appellees*

February 4, 2016

Court of Appeals Case No.
82A04-1505-CR-266

Appeal from the Vanderburgh
Superior Court

The Honorable Jeffrey T.
Shoulders, Judge

Trial Court Cause Nos.
82D05-1404-CM-1355
82D05-1303-CM-1066

**Robb, Judge.**

# Case Summary and Issue

[1] In this consolidated appeal, the State of Indiana appeals the trial court's denial of its motions for relief from judgment. Finding no error, we affirm.

# Facts and Procedural History

[2] On April 8, 2014, Chad Mooney was charged with operating a vehicle with an alcohol concentration equivalent ("ACE") of 0.08 to 0.15 grams, operating a vehicle while intoxicated, and improper headlights. The Bureau of Motor Vehicles ("BMV") suspended Mooney's driving privileges for a chemical test failure the same day.[1] On June 12, 2014, Mooney executed a pretrial diversion agreement, which provided the charges would be dismissed upon his successful completion of the Drug and Alcohol Deferral Service ("DADS") Program.[2] Mooney subsequently filed a petition to reinstate his driving privileges without proof of future financial responsibility,[3] which the trial court granted on August 5, 2014. The chronological case summary indicates the trial court ordered the clerk's office to resend the order to the BMV on September 5, 2014.

[3] On March 2, 2013, Brittany McCool was charged with operating a vehicle with an ACE of at least 0.15 grams and operating a vehicle while intoxicated in a

---

[1] If a probable cause affidavit states a chemical test resulted in prima facie evidence that a person was operating a vehicle while intoxicated, the BMV must suspend the person's driving privileges for 180 days or until the trial court notifies the BMV that the charges have been disposed of, whichever occurs first. Ind. Code § 9-30-6-9(c). Here, the probable cause affidavit states Mooney had an ACE of 0.13 grams, which is prima facie evidence that he was intoxicated. *See* Ind. Code § 9-13-2-131 (stating prima facie evidence of intoxication includes evidence that at the time of an alleged violation the person had an ACE of at least 0.08 grams).

[2] Mooney successfully completed the DADS program, resulting in dismissal of all charges on May 12, 2015.

[3] Indiana's Financial Responsibility Act requires certain persons who have had their driving privileges suspended to file an SR22 form with the BMV as a condition of reinstatement. *Am. Family Ins. Co. v. Globe Am. Cas. Co.*, 774 N.E.2d 932, 937 (Ind. Ct. App. 2002), *trans. denied.* Indiana Code section 9-25-4-5 sets the required minimum insurance coverage for motor vehicles operated in Indiana, and the SR22 form certifies a driver has an insurance policy that meets the State's minimum requirements. *Id.* at 940.

manner that endangers a person.  The BMV suspended McCool's driving privileges for a chemical test failure the same day.[4]  On March 4, 2013, McCool executed a pretrial diversion agreement, which provided the charges would be dismissed upon her successful completion of the DADS program.[5]  On March 24, 2014, McCool orally requested her driving privileges be reinstated without proof of future financial responsibility.  The trial court waived the requirement that day and faxed a written order to the BMV on May 15, 2014.   The chronological case summary indicates the order was also emailed to the BMV on September 5, 2014.

[4]   The BMV intervened and filed motions for relief from judgment in both cases on November 25, 2014.  The trial court consolidated the cases to conduct a hearing on the motions.  The BMV maintained,

> [U]nder Indiana Code § 9-30-6-12, an individual whose license is suspended for failing a chemical test pursuant to Indiana Code § 9-30-6, is required to maintain proof of financial responsibility by filing the SR22 following a suspension for the failure, regardless of whether there has been a conviction.

Appendix to Brief of Appellant at 13, 38.  Accordingly, the BMV argued the trial court's orders permitting Mooney's and McCool's driving privileges to be reinstated without proof of future financial responsibility were "contrary to

---

[4] The probable cause affidavit states McCool had an ACE of 0.23 grams.  *See supra* note 1.

[5] McCool did not complete the DADS program.  The trial court entered judgment of conviction for operating a vehicle with an ACE of at least 0.15 grams on August 4, 2015, and dismissed the remaining count.

law." *Id.* at 12, 39. At the conclusion of the hearing, the trial court expressed disagreement with the BMV's interpretation of Indiana Code section 9-30-6-12 and denied both motions. This appeal followed.

# Discussion and Decision

## I. Standard of Review

The State appeals the trial court's denial of its motions for relief from judgment under Indiana Trial Rule 60(B). Trial Rule 60(B) affords relief only in "extraordinary circumstances" that are not the result of the moving party's fault or negligence. *Z.S. v. J.F.*, 918 N.E.2d 636, 640 (Ind. Ct. App. 2009) (citation omitted). The moving party carries the burden of showing relief is both necessary and just. *Id.* at 639. We review the denial of a motion for relief from judgment for abuse of discretion. *Id.*

The State's motions invoked subsections (B)(1) and (B)(8) of Trial Rule 60, which permit relief upon a showing of "mistake, surprise, or excusable neglect," or any other reason warranting relief from the judgment. A party filing a motion under subsections (B)(1) or (B)(8) must also "allege a meritorious claim or defense." Ind. Trial Rule 60(B). However, a motion for relief from judgment may not be used as a substitute for direct appeal. *Gertz v. Estes*, 922 N.E.2d 135, 138 (Ind. Ct. App. 2010). "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).

Finally, we note neither Mooney nor McCool filed briefs in this matter. When an appellee fails to submit a brief, we do not undertake the burden of developing an argument on his or her behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Instead, we review for prima facie error; that is, error "at first sight, on first appearance, or on the face of it." *Id.* (citation omitted). If the appellant is unable to establish prima facie error, we will affirm. *Id.*

## II. Motions for Relief from Judgment

The State's motions for relief from judgment asserted "mistake, surprise, or excusable neglect." App. at 14, 39. Although there are no fixed rules or standards for determining what constitutes "mistake, surprise, or excusable neglect," *Fitzgerald v. Cummings*, 792 N.E.2d 611, 614-15 (Ind. Ct. App. 2003), a party invoking Trial Rule 60(B)(1) must at least describe the mistake, surprise, or excusable neglect that occurred. A mere recitation of the words "mistake, surprise, or excusable neglect" is insufficient to demonstrate any "extraordinary circumstances" that would justify relief. *See Z.S.*, 918 N.E.2d at 639-40.

The State's motions—filed on November 25, 2014—did not identify any "mistake, surprise, or excusable neglect" suffered by the State, nor any other reason justifying relief from the judgment. At the hearing on its motions, the State briefly mentioned what it characterized as "delay" in the trial court sending the relevant orders to the BMV:

[T]here appears to be some delay in getting [the court's orders] to the BMV and it also takes the BMV some time to process those. But in both cases it appears that they were re-sent to the BMV some months later. So in Miss McCool's case it looks like it was faxed to the BMV on May 15th, but then again emailed on September 5th. So there was quite a delay for some reason there. And then with Mr. Mooney's the order is file stamped July 23rd, 2014, but the chronological case summary says that the order was granted on August 5th and the Clerk was to re-send it to the BMV on September 5th. So again, not quite as big of a delay, but a little bit of a delay there.

Transcript at 7. But we cannot agree the act of *re*-sending the orders to the BMV constituted "delay." There is nothing in the record suggesting the BMV did not receive the orders the first time they were sent, and the BMV offered no explanation for why it waited months to intervene in either case. *See Z.S.*, 918 N.E.2d at 640 (stating Trial Rule 60(B) affords relief only in "extraordinary circumstances" that are not the result of negligence on the part of the movant).

[10] The State argues we need not determine whether the BMV established grounds of "mistake, surprise, or excusable neglect" because (1) the trial court's denial of the motions was based solely on the legal merits of the judgment, and (2) Mooney and McCool did not object to the State's motions for failing to establish "mistake, surprise, or excusable neglect." We are unpersuaded. With regard to the basis for the trial court's denial, the State relies on the trial court's remark indicating its disagreement with the BMV's interpretation of the relevant statute. *See* Tr. at 12. Although the comment certainly suggests the trial court did not believe the State had a "meritorious claim or defense," it does

not relieve the State's burden of establishing "the procedural, equitable grounds justifying relief." *In re Paternity of P.S.S.*, 934 N.E.2d at 740. As for the defendants' failure to object, the burden was on the State to demonstrate its entitlement to relief under Trial Rule 60(B). *See Z.S.*, 918 N.E.2d at 639-40.

The State has not established prima facie error in the trial court's denial of its motions for relief from judgment. The State failed to identify any circumstances warranting relief under Trial Rule 60(B)(1) or (B)(8), and its motions addressed only the legal merits of the judgments.[6] We will not entertain the State's attempt to resurrect an untimely appeal.[7]

# Conclusion

The State has not established prima facie error in the trial court's denial of its motions for relief from judgment. We therefore affirm.

Affirmed.

Barnes, J., and Altice, J., concur.

---

[6] We express no opinion as to the legal merits of the judgment.

[7] The legal merits of the judgment were reviewable by way of a timely appeal or motion to correct error. *See In re Paternity of P.S.S.*, 934 N.E.2d at 740; *see also* Ind. Appellate Rule 9(A)(1) ("A party initiates an appeal by filing a Notice of Appeal . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary."); T.R. 59(C) ("The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the Chronological Case Summary.").