

ATTORNEYS FOR APPELLANT

Robert D. King, Jr.
David R. Thompson
The Law Office of
  Robert D. King, Jr. P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Thomas E. Rosta
Metzger Rosta LLP
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Denny,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Nathan Vanoy,<br>*Appellee-Defendant* | May 18, 2020<br><br>Court of Appeals Case No.<br>19A-CT-2576<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Marc Rothenberg, Judge<br><br>The Honorable<br>Burnett Caudill, Magistrate<br><br>Trial Court Cause No.<br>49D07-1806-CT-025033 |

**Vaidik, Judge.**

# Case Summary

[1] Brian Denny obtained a default judgment against Nathan Vanoy. Vanoy later moved to set aside the default judgment based on excusable neglect, and the trial court granted his motion. Denny now appeals.

[2] To set aside a default judgment based on excusable neglect, the movant must establish the grounds for relief by affidavit or other evidence. Here, Vanoy introduced no affidavit, testimony of witnesses, or other evidence to establish excusable neglect. We therefore reverse the trial court's grant of Vanoy's motion to set aside and remand this case to the trial court.

# Facts and Procedural History

[3] On February 26, 2017, Vanoy ran a red light and struck a car driven by Denny. Tr. p. 4. On June 25, 2018, Denny filed a complaint against Vanoy in Marion Superior Court. Vanoy was served on September 14, 2018. *Id.* at 2.

[4] On February 25, 2019, over five months after Vanoy was served, an adjuster from GEICO (Vanoy's insurer) called Denny's counsel "completely out of the blue" regarding the suit filed against Vanoy. *Id.* at 5. Denny's counsel confirmed that suit had been filed and that service had been perfected on September 14, 2018. That same day, Denny's counsel emailed the GEICO adjuster a copy of the complaint, crash report, and proof of service. Appellant's App. Vol. II p. 38.

Two weeks later, on March 11, Denny moved for default judgment against Vanoy, as no one had appeared for Vanoy since the phone call. The trial court granted the motion on March 19 and scheduled a damages hearing for May 15. On May 14, Vanoy, represented by an attorney at Metzger Rosta LLP, moved to set aside the default judgment based on excusable neglect under Indiana Trial Rule 60(B)(1). The motion to set aside alleges:

> 5. The claims examiner at GEICO Direct has stated that she spoke with an individual at Metzger Rosta LLP on or about March 1, 2019, regarding the lawsuit and a need to appear for the Defendant in this case, but no documentation was forwarded to counsel's office at that time. The undersigned counsel was then on vacation and did not return to Indiana until approximately March 18, 2019.

> 6. According to the online docket, counsel for Plaintiff filed a motion for default judgment in this case on or about March 12, 2019, or only about two weeks after sending the lawsuit documentation to the claims examiner at GEICO. A copy of the motion for default judgment was not sent to the GEICO examiner by counsel.

> 7. On or about April 4, 2019, the GEICO Direct adjuster contacted the undersigned counsel and inquired into the status of the lawsuit, but counsel did not recall any prior conversation regarding this case and did not have a copy of the applicable lawsuit until it was then sent to him on April 4, 2019.

> 8. The undersigned counsel then checked the online docket and learned that a motion for default judgment was filed by counsel for Plaintiff in this case and that the case has been scheduled for a damages hearing on May 15, 2019.

*Id.* at 23. Vanoy argued that excusable neglect existed:

> In this case, it is clear that (a) neither Vanoy nor Plaintiff sent a copy of the lawsuit to GEICO Direct until late in February 2019; (b) counsel filed his motion for default only two (2) weeks after sending notice of the lawsuit and service on GEICO Direct; and (c) there is some confusion as to GEICO Direct's contact with the undersigned counsel and/or his office to assign the file to counsel in this matter in a timely manner after receipt of the documents from Plaintiff's counsel, as the adjuster contends she spoke to a member of counsel's firm on March 1, 2019, or only four days after receipt of the documents from Plaintiff's counsel.

*Id.* at 25. Vanoy attached an affidavit from himself only. The affidavit, however, does not address excusable neglect; rather, it alleges that Vanoy had a meritorious defense because he believed Denny "was exceeding the speed limit at the time of the accident. It is also possible that he failed to take proper control of his vehicle to avoid the accident or to take proper precautions to avoid a collision." *Id.* at 27.

[6] Denny filed a response, arguing that Vanoy presented no admissible evidence of excusable neglect:

> 7. It is important to note that there is no admissible evidence before this Court that a Geico claims examiner contacted defense counsel on March 1, 2019, regarding this lawsuit and a need to appear. "It is axiomatic that the arguments of [Defendant's] counsel are not evidence." What's more, the statement attributed to the unidentified claims examiner is hearsay. No Geico employee, or any other person, has submitted an affidavit stating under oath that a phone call was placed to defense counsel's firm on March 1, 2019. Defendant has not produced

any phone records evidencing a call from Geico to defense counsel's firm. Defense counsel concedes in the motion to set aside that defense counsel does not recall any such conversation. And, Defendant has not provided an affidavit from anyone else in defense counsel's firm stating that another person in the firm spoke with a Geico claims examiner regarding this case.

8. Given the complete lack of admissible evidence, this Court cannot make a factual finding that Geico placed a call to defense counsel's firm on March 1, 2019.

9. Thus, the evidence before this Court is that Defendant was properly served with the complaint and summons on September 14, 2018; that despite this proper service, Defendant did nothing to appear and defend[] this case; and that Geico also did nothing to defend this case, despite Plaintiff sending a courtesy copy of the complaint to Geico.

*Id.* at 30-31.

[7]   In August 2019, the trial court held a hearing on Vanoy's motion to set aside. Vanoy presented no evidence at the hearing; rather, he presented only argument. *See* Tr. pp. 2-5. Thereafter, the trial court granted Vanoy's motion to set aside.

[8]   Denny now appeals.

# Discussion and Decision

[9]   Denny appeals the trial court's grant of Vanoy's motion to set aside the default judgment. A default judgment may be set aside because of mistake, surprise, or

excusable neglect if the motion to set aside is filed not more than one year after the judgment was entered and the moving party also alleges a meritorious claim or defense. Ind. Trial Rule 60(B)(1). The burden is on the movant to establish the grounds for relief "by affidavit or other evidence." *Southside Auto. of Anderson, Inc. v. Smith*, 114 N.E.3d 551, 554-55 (Ind. Ct. App. 2018); *see also Bennett v. Andry*, 647 N.E.2d 28, 35 (Ind. Ct. App. 1995) (stating that to obtain relief under Trial Rule 60(B), the movant must introduce "**some admissible evidence** which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery"); *Bross v. Mobile Home Estates, Inc.*, 466 N.E.2d 467, 469 (Ind. Ct. App. 1984) ("The catalyst needed to obtain the proper relief is some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery.").

[10] An appellate court reviews a trial court's decision to set aside a default judgment for abuse of discretion, resolving any doubt as to the propriety of default judgment in favor of the defaulted party. *Wamsley v. Tree City Vill.*, 108 N.E.3d 334, 335-36 (Ind. 2018).

[11] Denny contends that Vanoy failed to prove excusable neglect by affidavit, testimony of witnesses, or other evidence. Vanoy doesn't dispute this; rather, he says he presented "argument[]" that there was excusable neglect due to "a breakdown of communication" between GEICO and Metzger Rosta LLP. Appellee's Br. p. 5.

[12] But argument isn't enough. The basis of Vanoy's claim that excusable neglect existed is that a GEICO adjuster "contends she spoke to a member of counsel's firm on March 1, 2019." Appellant's App. Vol. II p. 25; *see also* Tr. p. 3 (Vanoy's counsel stating that GEICO "allegedly contacted" his firm on March 1, 2019). Vanoy, however, presented no affidavit or testimony from this adjuster. With no evidence to show that the adjuster called Metzger Rosta LLP on March 1, 2019, there is nothing to support Vanoy's claim that there was "a breakdown of communication." This then leaves evidence that Vanoy was served on September 14, 2018; that despite this service, Vanoy did not appear and defend the suit; and that GEICO did nothing to defend the suit, despite Denny's counsel sending the complaint and related documents to GEICO. *See* Appellant's Br. p. 12 (noting that "Vanoy and his counsel strategically omit[ted] in [Vanoy's] affidavit any explanation for why the lawsuit went unaddressed from September 1[4], 2018 through March 11, 2019, a period of [almost] six months"). This is inattention, not excusable neglect. *See Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind. 1999) ("The judicial system simply cannot allow its processes to be stymied by simple inattention."). The trial court abused its discretion in granting Vanoy's motion to set aside the default judgment.

[13] Reversed and remanded.

May, J., and Robb, J., concur.