Pat COSLETT and Kim Coslett, L.B. Jones Furniture, Inc., d/b/a Pat Coslett's Furniture, Inc. Appellants (Plaintiffs below),

County of Vanderburgh, Cross–Claimants–Appellants,

v.

WEDDLE BROTHERS CONSTRUCTION COMPANY, INC., Appellees (Defendants below).

No. 82S05–0305–CV–185.

Supreme Court of Indiana.

Nov. 20, 2003.

Charles L. Berger, Jennifer Ulrich, Berger and Berger, Robert R. Faulkner, Evansville, IN, Attorneys for Appellants.

R. Thomas Bodkin, Pamela J. Hensler, Bamberger, Foreman, Oswald & Hahn, Evansville, IN, Attorneys for Appellees.

DICKSON, Justice.

This appeal challenges the trial court's ruling setting aside default judgments for excusable neglect. Consistent with this Court's deferential standard of review of trial court discretion in these matters, we affirm.

Plaintiffs-appellants Pat Coslett, Kim Coslett and L.B. Jones Furniture, Inc. d/b/a Pat Coslett's Furniture Festival, Inc. ("Coslett's Furniture") initiated this action on June 12, 2001 against Weddle Brothers Construction Company, Inc. ("Weddle Brothers"), Vanderburgh County, and others[1] for negligent delay in the construction of a bridge. Two days after suit was filed, Coslett's Furniture effected service on Weddle Brothers by certified mail at its corporate headquarters in Bloomington, Indiana. When the complaint was received, Weddle Brothers sent a copy of the complaint and summons to its insurance agent, Tobias Insurance Agency, through which it had obtained a commercial general liability policy with Zurich North American Insurance. Vanderburgh County filed its answer and cross-claim against Weddle Brothers on September 4, 2001, obtaining service by certified mail. However, Weddle Brothers did not timely file any answers or other responsive pleadings with the trial court. Default judgments were entered against Weddle Brothers on July 13, 2001 as to the plaintiffs' complaint, and on October 11, 2001 as to Vanderburgh County's cross-claim.

On November 30, 2001, a claims manager for Zurich North American Insurance wrote to Weddle Brothers, advising it that Coslett's Furniture's claims were not covered under the Weddle Brothers policy. When Weddle Brothers received that letter in mid-December, it immediately sought and retained counsel, and on February 6, 2002, moved to set aside the default judgments on the grounds of improper service and excusable neglect. Following extensive further briefing and argument, the trial court set aside the default judgments. The Court of Appeals reversed in a memorandum decision. 783 N.E.2d 806 (Ind.Ct.App.2003) (table). We granted transfer.

Once entered, a default judgment may be set aside because of mistake, surprise, or excusable neglect[2] so long as the motion to set aside the default is entered not more than one year after the judgment and the moving party also alleges a meritorious claim or defense. Ind. Trial Rule 55(C); 60(B). When deciding whether or

---

1. The complaint also named as defendants the State of Indiana, the Indiana Department of Transportation, and Bernardin Lochmueller & Associates, Inc. Each of these defendants, however, timely filed an answer. The trial court entered default judgment only against defendant Weddle Brothers.

2. Other bases for setting aside a default judgment are found in T.R. 60(B), but are inapplicable here.

not a default judgment may be set aside because of excusable neglect, the trial court must consider the unique factual background of each case because "no fixed rules or standards have been established as the circumstances of no two cases are alike." *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 340 (Ind.1983); *quoting Grecco v. Campbell,* 179 Ind.App. 530, 386 N.E.2d 960, 961 (1979); *see also Boles v. Weidner,* 449 N.E.2d 288, 290 (Ind.1983). Though the trial court should do what is "just" in light of the facts of individual cases, that discretion should be exercised in light of the disfavor in which default judgments are held. *Allstate Ins. Co. v. Watson,* 747 N.E.2d 545, 547 (Ind.2001). A ruling denying or granting relief on a motion to set aside a default is deemed a final judgment from which an appeal may be taken. T.R. 60(C). On appeal, a trial court's decision to set aside a default judgment is entitled to deference and is reviewed for abuse of discretion. *Watson,* 747 N.E.2d at 547; *Smith v. Johnston,* 711 N.E.2d 1259, 1262 (Ind.1999). Any doubt of the propriety of a default judgment should be resolved in favor of the defaulted party. *Watson,* 747 N.E.2d at 547; *Green v. Karol,* 168 Ind.App. 467, 475, 344 N.E.2d 106, 111 (1976). Indiana law strongly prefers disposition of cases on their merits. *State v. Van Keppel,* 583 N.E.2d 161, 162 (Ind.Ct.App.1991). A trial court will not be found to have abused its discretion "so long as there exists even slight evidence of excusable neglect." *Security Bank & Trust Co. v. Citizens Nat. Bank,* 533 N.E.2d 1245, 1247 (Ind.Ct.App. 1989).

In several cases we have confronted the propriety of setting aside default judgments when a defendant's insurer or insurance agent is notified but counsel fails to timely appear and answer. In *Boles v. Weidner,* 449 N.E.2d 288 (Ind.1983), this Court affirmed a trial court's decision to set aside a default judgment, finding excusable neglect where the defendant passed the summons and complaint on to his independent insurance agent, to be forwarded on to the insurer. However, because of a "breakdown in communication," the insurer never received notice of the suit. *Id.* at 290. We held that "since [the defendant] did not hear from anyone, and had taken the steps expected of him, it certainly is reasonable for the trial court to find there was excusable neglect justifying setting aside the default judgment." *Id.* at 291.

In *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332 (Ind.1983), the trial court refused to set aside a default judgment where the defendant had forwarded the "suit papers" to its insurance agent, who failed to get them to the proper insurance carrier on time. 446 N.E.2d at 334. We affirmed, observing that the trial court could have based a finding of excusable neglect or mistake upon the apparent misunderstanding between the defendant and its insurance agent but chose not to do so, and noting, "[m]ore significantly, under the evidence it was not compelled to do so." *Id.* at 340.

In *Whittaker v. Dail,* 584 N.E.2d 1084 (Ind.1992), the trial court refused to set aside a default judgment. The defendant had personally retained counsel that represented him during the three years the case was pending, but his lawyers were permitted to withdraw two months before trial because Whittaker had not paid their fees. Upon receiving notice of a pre-trial conference, he called his insurance company which, on his behalf, contacted a law firm, but the firm believed that it had been hired not to defend the defendant, but to file a declaratory judgment against him. *Id.* at 1086–87. Noting that the case had been pending for three years and that there was no evidence of the plaintiff's lack

of diligence other than his inability to continue to pay his attorneys, we reversed the trial court and set aside the default judgment.

In *Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999), the trial court declined to set aside a default judgment entered against a defendant who had failed to inform his counsel that he had been sued. Although finding the default judgment should be set aside on other grounds,[3] we stated: "There may be cases where a trial court will find excusable neglect based on similar omissions due to external pressures on a sympathetic defendant, but it was not an abuse of the trial court's discretion to refuse to do so here." *Id.* at 1262.

Coslett Furniture and Vanderburgh County argue that *Boles* and *Whittaker* are distinguishable because in those cases, had the communication "breakdown" not occurred, the insurance companies would have come to the defense of their insureds. They point out that here, the insurer made no representations that it intended to defend the suit on Weddle Brothers' behalf, and the Company instead unreasonably assumed, without any specific evidence, that the insurer would retain counsel for its defense. Instead, the Appellants urge us to consider *Smith* and *Siebert Oxidermo,* which found no error in the refusal to set aside default judgments under facts similar to the present case.

Significantly, in three of these four cases, *Boles, Siebert Oxidermo,* and *Smith,* we deferred to the decision of the trial court in ruling upon a motion to set aside a default. And in the fourth, *Whittaker,* we found that the record "unequivocally reveals" facts that compelled us to find an abuse of discretion. 584 N.E.2d at 1087,

To resolve this appeal, the overriding issue is whether the circumstances of this case require us to conclude that the trial court abused its discretion in setting aside its prior default judgments. In accord with our disfavor of default judgments, our preference for disposition of cases on their merits, and our deference to trial court decisions in ruling upon motions to set aside default judgments, the controlling question is not whether there has been a "breakdown in communication" but whether there is "even slight evidence of excusable neglect." *Security Bank & Trust Co.,* 533 N.E.2d at 1247.

Here the trial court noted both the important role of default judgments in the efficient administration of justice and the judicial preference for deciding disputes on their merits. It stated: "One can easily argue that Weddle Brothers did respond to this lawsuit in a reasonable manner. It argues that it handled the complaints the way it always does, by notifying its insurance company." Appellant's Appendix at 174. The trial court observed that the case "concerns substantial amounts of money and weighty policy determinations," *id.* at 176, and considered whether "a client should have to look over its representative's shoulder to make sure it is being defended." *Id.* The trial court concluded, "considering all the facts and circumstances involved, the Court finds Weddle Brothers has shown excusable neglect and that it has a meritorious defense to both the plaintiffs' and the County's claims against it." *Id.* We conclude that the ruling of the trial court is supported by evidence of excusable neglect, is entitled to deference, and was not an abuse of discretion.

---

**3.** Because plaintiff's counsel failed to provide notice of the filing of the complaint to known counsel for the defendant, we concluded that the default judgment was obtained by actions prejudicial to the administration of justice warranting relief under Indiana Trial Rule 60(B)(3). *Id.* at 1264.

We affirm the decision of the trial court to set aside the default judgments.

SHEPARD, C.J., and SULLIVAN and BOEHM, J., concur.

RUCKER, J., dissents without separate opinion.