



FILED
Oct 11 2018, 1:29 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-CT-502

## Cember Wamsley, as Personal Representative of the Estate of Genia Wamsley,
*Appellant (Plaintiff)*

–v–

## Tree City Village, New Generation Management, Inc., and Matthew Joseph,
*Appellees (Defendants)*

Argued: September 20, 2018 | Decided: October 11, 2018

Appeal from the Decatur Superior Court, No. 16D01-1609-CT-410
The Honorable Matthew D. Bailey, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 16A01-1706-CT-1355

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

Matthew Joseph accidentally discharged a firearm while cleaning it. The bullet passed through the wall of his apartment unit and struck Genia Wamsley, the occupant of the adjacent unit. Wamsley retained counsel, who communicated for several months with the insurer of the apartment complex and its management company (collectively "Landlords"). The insurer denied the claim, and Wamsley filed suit against Landlords and Joseph. The president of the management company wrote Wamsley's counsel, acknowledging receipt of the complaint and pointing out a factual error therein. The president then placed the complaint in a file cabinet and did nothing further. Neither Landlords nor Wamsley's counsel notified Landlords' insurer of the complaint.

None of the defendants timely answered the complaint, and Wamsley moved for and was granted an entry of default judgment. Landlords later retained counsel and filed motions to set aside the default judgment entered against them on grounds of excusable neglect. *See* Ind. Trial Rules 55(C), 60(B)(1). The trial court granted Landlords' motions following a hearing and later denied Wamsley's motion to correct error. Wamsley appealed, and the Court of Appeals reversed.[1] We now grant transfer and affirm the trial court.

An appellate court reviews a trial court's decision to set aside a default judgment for abuse of discretion, resolving any doubt as to the propriety of default judgment in favor of the defaulted party. *Coslett v. Weddle Bros. Constr. Co., Inc.*, 798 N.E.2d 859, 861 (Ind. 2003). The controlling question is whether there exists "even slight evidence of excusable neglect." *Id.* (quoting *Security Bank & Trust Co. v. Citizens Nat'l Bank of Linton*, 533 N.E.2d 1245, 1247 (Ind. Ct. App. 1989)).

Our deferential standard of review compels us to affirm the trial court. There exists evidence of excusable neglect in this case – although that

---

[1] Joseph did not seek relief from the entry of default judgment against him and has not participated in this appeal. Following a damages hearing the trial court entered judgment against Joseph in the amount of $6,800,000. (Appellant's App. Vol. 2 at 8; Appellant's Br. at 7.)

evidence is indeed exceedingly slight – and Landlords have made the requisite showing under Trial Rule 60(B)(1) of a meritorious defense.

Accordingly, we affirm the trial court's orders setting aside the default judgment against Landlords and denying Wamsley's motion to correct error, and we remand this case to the trial court for further proceedings consistent with this opinion.

All Justices concur.

ATTORNEY FOR APPELLANT
Thomas A. Vick
Law Office of Thomas A. Vick
Greenwood, Indiana

ATTORNEYS FOR APPELLEES TREE CITY VILLAGE
AND NEW GENERATION MANAGEMENT, INC.
Lonnie D. Johnson
Belinda R. Johnson-Hurtado
Cheyenne N. Riker
Clendening Johnson & Bohrer, P.C.
Bloomington, Indiana