FILED

Jan 22 2020, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Shawn C. Swope
Cassandra J. Neal
Nikola Vidovic
Swope Law Offices, LLC
Dyer, Indiana

ATTORNEYS FOR APPELLEE
ROBIN DUNN

Darron S. Stewart
Stephen W. Thompson
Stewart & Stewart Attorneys
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| First Chicago Insurance Company, *Appellant-Plaintiff,* <br><br> v. <br><br> Candace Collins, et al., *Appellees-Defendants.* | January 22, 2020 <br><br> Court of Appeals Case No. 19A-PL-2000 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy W. Oakes, Judge <br><br> Trial Court Cause No. 49D02-1712-PL-47271 |

**Bailey, Judge.**

# Case Summary

First Chicago Insurance Company ("FCIC") filed an Interpleader Complaint against multiple defendants, including appellee Robin Dunn, individually and as parent of minor child Tylysha Sloan ("Sloan") (collectively, "Dunn")[1]. Dunn was defaulted and obtained an order granting her relief from the default judgment. FCIC appeals that order.

We affirm in part, reverse in part, and remand with instructions.

# Issues

We address the following restated issues on appeal.

1. Whether FCIC waived its argument that Dunn was not entitled to relief from default judgment by failing to raise that argument in the trial court.

2. Waiver notwithstanding, whether the trial court erred when it granted Dunn's motion for relief from default judgment.

3. Whether the trial court abused its discretion when it ordered FCIC to make up to $25,000 of insurance coverage available to Dunn for her and Sloan's claims.

---

[1] All references to "Dunn" refer to Dunn on her own behalf and on behalf of Sloan unless otherwise specified.

## Facts and Procedural History

[4] On June 17, 2017, an automobile collision occurred involving the vehicle of FCIC's insured, Candace Collins ("Collins"). Timothy Lewis was driving Collins's vehicle at the time of the collision, and he allegedly caused Collins's vehicle to collide with vehicles driven by several defendants, including Dunn. Dunn's minor child, Sloan, was a passenger in her car during the collision. As a result of the collision, Dunn allegedly sustained injuries to her property and Dunn and Sloan allegedly sustained injuries to their persons.

[5] On June 27, 2017, attorney Darron Stewart ("Stewart") sent by facsimile a letter to FCIC informing it of his law firm's representation of Dunn, individually and as the parent of Sloan. The letter included the following statement: "Any further contact with our client should cease and any communication should be made directly through this office." App. at 78. Kelly Williams ("Williams"), "Sr. Bodily Injury Litigation Specialist" for FCIC, sent a response to Stewart in a letter dated July 31, 2017.[2] *Id*. at 81. On

---

[2] The body of the letter from FCIC states in full:

> This will serve to acknowledge your Attorney's Lien as it relates to the above captioned loss.
>
> Please be advised that the applicable policy carries bodily injury liability limits of $25,000/$50,000.
>
> Kindly forward your theory of liability, items of special damages, corresponding medical records, and any other supporting documents. *Upon receipt and review of the aforementioned, we will further advise.*
>
> This correspondence is no more than a lien acknowledgment and does not in any way imply coverage or our right to decline or rescind same at a later date should doing so be deemed appropriate.

*Id*. at 81 (emphasis added).

September 26, a FCIC adjuster called Dunn's counsel and stated that there was a limit of $50,000 available under the FCIC policy, that five other people had presented claims, and that FCIC may make settlement offers prior to receiving a written demand letter. On October 2, a FCIC adjuster called Dunn's counsel and left a message seeking a return call.

[6] On December 27, 2017, FCIC filed an interpleader complaint against several defendants, including Dunn, pursuant to Indiana Trial Rule 22. The complaint alleged there was a personal injury damage limit of $50,000 in Collins's automobile insurance policy with FCIC and attached a supporting document as Exhibit A. The complaint admitted that, because of the June 17 accident, FCIC owed liability in the amount of $50,000 under Collins's insurance policy to "one or more" of the interpleaded defendants, which included Dunn. *Id*. at 17. The complaint sought an order that would (1) allow FCIC to deposit $50,000 with the court; (2) distribute the deposited funds of $50,000 among the interpleaded defendants who the court determined were entitled to funds; (3) hold that FCIC had discharged its contractual duties; (4) hold that FCIC was relieved of any indemnification duties; and (5) hold that FCIC was discharged from liability for all claims arising from the June 17 accident.

[7] On the same date, FCIC issued a summons and complaint to Dunn at "3032 S. Rural St., Indianapolis, IN 46203," to be served by sheriff. *Id*. at 21. FCIC did not serve the pleadings on Dunn's counsel. On January 30, 2018, the Marion County Sheriff's Department filed a return of service showing that it had served the documents by leaving copies at the Rural Street address and by mailing

them to the same address. However, the service of process that was mailed was returned with the notation: "Return to Sender, Attempted – Not Known, Unable to Forward." *Id*. at 94. The Chronological Case Summary ("CCS") notes, on February 26, 2018, "Service Returned Not Served" on Dunn. *Id*. at 6.

[8] On February 6, 2018, Dunn's counsel sent email correspondence to FCIC adjuster Lissette Valles ("Valles"), attached property damage photographs, and authorized FCIC to communicate directly with Dunn to resolve her property damage claim. That same day, Valles sent an email to Dunn's counsel in which Valles stated, "Will have this reviewed." *Id*. at 96. On March 2, 2018, Dunn's counsel again emailed Valles to inquire about why the property damage claim had not been resolved, and further clarified that FCIC had counsel's permission to communicate with Dunn directly regarding her property damage claim.

[9] On May 9, 2018, FCIC filed a "Proof of Service" for Dunn in which it certified that it had served the pleadings upon Dunn by United States mail "in envelopes properly addressed to [her]." *Id*. at 99. FCIC also filed an "Affidavit of Service" completed by process server Bill Rorie ("Rorie") in which Rorie swore that he personally served the pleadings by delivering copies to the address: "933 Albany Street, Indianapolis, IN 46203-5102." *Id*. at 100. The Affidavit further stated in relevant part:

> Additional Information pertaining to this Service:

4/14/2018 1:46 pm  Attempted service at 933 Albany Street, Indianapolis, IN  46203-5102, No answer[. D]elivery notice posted[.]  Neighbor says there's Mexicans living there. …

4/16/2018 10:18 am  The lady that answered the door refused to give her name or show ID[,] said it was her house [and] she didn't have to show anyone ID[,] so I served her. …

Description of Person Served:  Age: 50, Sex: F, Race/Skin Color: Black, Height: 5'3", Weight: 180, Hair: Black, Glasses: N.

*Id*. FCIC did not serve the pleadings on Dunn's counsel.

[10]     On May 31, 2018, FCIC filed a motion for default judgment as to all "non-appearing Defendants," including Dunn, and alleged "proper service [was] effectuated on all parties." *Id*. at 26.  FCIC's supporting affidavit stated that Dunn "was served on April 16, 2018," and failed to respond. *Id*. at 26-27. FCIC did not serve the motion for default judgment on Dunn or her counsel. The trial court denied FCIC's first motion for default for failure to include a certificate of service.  On June 13, FCIC submitted a second motion for default and, again, did not serve Dunn or her counsel.

[11]     On July 12, 2018, Dunn's counsel issued a settlement demand letter to FCIC, detailing the bodily injury claims of both Dunn and Sloan.  Approximately one month later, Stewart's staff sent email correspondence to FCIC adjuster Williams inquiring as to whether FCIC had a response to counsel's demand letter.  After receiving no response, Stewart's staff sent a follow-up email to Williams on August 28, 2018, in which it requested a response.  On September

12, 2018, Stewart's staff sent another email to Williams, with the demand letter attached.

[12] On September 21, 2018, the trial court granted FCIC's second motion for default judgment.

[13] On October 9, 2018, Stewart's staff called FCIC and left a voicemail message to follow-up on its previous attempts to obtain a response to the demand letter.

[14] On October 21, 2018, FCIC filed a "Motion for Summary Judgment and to Deposit Funds" in which it sought to deposit the $50,000 insurance proceeds with the court for distribution to the non-defaulted defendants. *Id*. at 36-43. Neither the motion nor supporting memorandum contained a certificate of service. FCIC did not serve the motion on Dunn or her counsel.

[15] On November 13, 2018, Stewart's staff called FCIC to determine why counsel had not received any response to its prior demand letter. An FCIC adjuster advised Stewart's staff that adjuster Williams was no longer employed at FCIC, and further advised that the adjuster would retrieve the claim file to review counsel's demand letter. On December 5, Stewart's staff called the FCIC adjuster and left a voicemail message requesting contact to follow-up on Dunn's demand letter.

[16] On December 13, 2018, the trial court granted FCIC's motion for summary judgment and ordered that FCIC was discharged from any further contractual obligation as to payment/indemnification to any party for claims arising from

the June 17, 2017, accident and "from liability of all claims for any personal injuries" resulting from the accident. *Id*. at 50. On December 31, the non-defaulted parties requested full distribution of the $50,000 interpleaded funds, and the court granted that request on January 7, 2019. The court ordered the court clerk to tender "the entirety of the interpleaded money ($50,000.00) to th[e] three" non-defaulted defendants. *Id*. at 58.

[17] On May 1, 2019, Stewart filed his appearance on behalf of Dunn, individually and as the parent of Sloan. That same date, Dunn filed a motion for relief from the default judgment pursuant to Indiana Trial Rule 60(B). Dunn's motion alleged that FCIC failed to achieve service upon Dunn, who "at all relevant times resided at 6125 Castleforce Drive, Apt. G, Indianapolis, IN 46203." *Id*. at 70. The motion stated that Dunn is "Caucasian, not African American or 'Black,'" and noted that the person who was served at the Albany Street address was black. *Id*. The motion further alleged that neither Dunn nor her counsel had been aware of the interpleader action, and Dunn's counsel first became aware of the action on February 18, 2019. The motion stated that FCIC never served Dunn's counsel with any pleadings or other documents, nor mentioned to Dunn's counsel the existence of the interpleader action, despite FCIC's knowledge since June 27, 2017, that Stewart represented Dunn in all matters related to the June 17, 2017, accident. The motion further alleged that FCIC never asked Dunn's counsel for Dunn's address. The motion sought relief from the default judgment pursuant to Indiana Trial Rule 60(B)(1) (surprise); (3) (fraud); (6) (void judgment); and (8) (other reasons). Dunn attached to the Rule

60(B) motion her Exhibits (A) through (Z), which consisted of copies of correspondence, documentation relating to communications between FCIC and Dunn's counsel, and court documents from the interpleader action.

[18] The only document FCIC filed in response to Dunn's Rule 60(B) motion was its "Special and Limited Appearance and Motion to Dismiss Pursuant to TR 12" in which it stated, in full:

> Comes now the Plaintiff and files a special and limited appearance for the purposes of contesting jurisdiction pursuant to Trial Rule 12 as the court no longer has jurisdiction over this matter, a final and appealable order having been entered January 7, 2019.

*Id*. at 152.[3]

[19] In an order dated May 29, 2019, the trial court granted Dunn's Rule 60(B) motion and ordered that both prior orders entering default judgment and granting summary judgment were vacated with respect to Dunn, that neither order would have binding force with respect to future litigation by Dunn, and

---

[3] We note this document was "signed" only by "Swopes Law Offices, LLC" and contained no attorney number or certificate of service. App. at 152. FCIC's filings relating to default and summary judgment were similarly deficient. *Id*. at 36-41, 105, 153-154. We remind FCIC's trial counsel that "(e)very pleading or motion of a party represented by an attorney *shall* be signed by at least one [1] attorney of record in his *individual name*" and his "attorney number *shall* be stated." T.R. 11(A) (emphasis added). In addition, "(a)n attorney … tendering a document to the Clerk for filing *shall* certify that service has been made, list the parties served, and specify the date and means of service." T.R. 5(C) (emphasis added).

that FCIC "shall make up to and at least $25,000.00 of insurance coverage available to Dunn and Sloan for their claims." *Id*. at 12.

[20] On June 27, FCIC filed a motion to correct error requesting that the court modify the May 29 order to make clear that the interpleader action is final as to all interpleaded defendants other than Dunn. On June 29, the trial court issued a new order regarding summary judgment in which it clarified that FCIC was granted summary judgment as to all parties except Dunn. The order also clarified that FCIC was discharged of any duty as to all personal injury claims arising from the June 17, 2017, accident, except as to Dunn and Sloan. The order stated that FCIC's duty to indemnify the claims of Dunn and Sloan "up to the individual limits of $25,000 are not discharged." *Id*. at 13. FCIC now appeals.

# Discussion and Decision

## Waiver

[21] Dunn contends that FCIC has waived its arguments challenging the court order granting relief from the default judgment because FCIC failed to raise any such arguments in the trial court. We agree.

[22] It is the general rule that an argument or issue raised for the first time on appeal is waived for appellate review. *See, e.g.*, *Plank v. Cmty. Hosp. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) ("[A]ppellate review presupposes that a litigant's arguments have been raised and considered in the trial court."); *Carney v. Patino*,

114 N.E.3d 20, 29 n.6 (Ind. Ct. App. 2018) ("The trial court cannot be found to have erred as to an issue or argument that it never truly had an opportunity to consider."), *trans. denied*. Our Supreme Court has signaled a shift away from this rule as it relates to appellees. *Citimortgage v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012) (holding that a party who has prevailed at the trial court "may defend the trial court's ruling on any grounds, including grounds not raised at trial"). However, an *appellant* still "may not present an argument that was not presented to the trial court." *Ind. Bureau of Motor Vehicles v. Gunter*, 27 N.E.3d 306, 312 (Ind. Ct. App. 2015); *see also Reynolds v. Reynolds*, 64 N.E.3d 829, 834 (Ind. 2016) ("Appellants may not sit idly by and raise issues for the first time on appeal.").

[23] FCIC made no substantive argument in response to Dunn's motion for relief from default judgment in either its May 17, 2019, "Special and Limited Appearance and Motion to Dismiss Pursuant to TR 12" or its June 27, 2019, motion to correct error. App. at 152. Neither document addressed the factors for granting relief under Trial Rule 60(B), challenged Dunn's evidence in support of her Rule 60(B) motion, or challenged the order that FCIC make $25,000 available for Dunn's claims. Therefore, FCIC has waived those arguments on appeal.

# Relief from Default Judgment

[24] Waiver notwithstanding, we consider whether the trial court erred when it granted Dunn's motion to set aside the default judgment.

A decision whether to set aside a default judgment is entitled to deference and is reviewed for abuse of discretion. *Coslett v. Weddle Bros. Const. Co., Inc.*, 798 N.E.2d 859, 861 (Ind. 2003), *reh'g denied*. Any doubt about the propriety of a default judgment should be resolved in favor of the defaulted party. *Id.* Indiana law strongly prefers disposition of cases on their merits. *Id.* Our standard of review is limited to determining whether the trial court abused its discretion. *Bennett v. Andry*, 647 N.E.2d 28, 31 (Ind. Ct. App. 1995). An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

*Fields v. Safway Group Holdings, LLC*, 118 N.E.3d 804, 809 (Ind. Ct. App. 2019), *trans. denied*. "Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B)." *Dalton Corp. v. Myers*, 65 N.E.3d 1142, 1144 (Ind. Ct. App. 2016) (quoting *Huntington Nat. Bank v. Car–X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015)), *trans. denied*. If even slight evidence exists, "[o]ur deferential standard of review compels us to affirm the trial court." *Wamsley v. Tree City Village*, 108 N.E.3d 334, 336 (Ind. 2018).

[25] Dunn filed her motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(8)[4] which allows a court to grant relief from a default judgment "for any

---

[4] Dunn also relied upon other subsections of Rule 60(B). Because we uphold the relief from the default judgment due to misconduct of an adverse party under subsection (8), we do not address Dunn's arguments under the other subsections.

reason justifying relief from the operation of the judgment, other than those reasons" listed in the other subsections. Relief under Rule 60(B)(8) also requires that the movant make a prima facie showing of a meritorious defense. A meritorious defense refers to "evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the default to stand." *Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind. 1999).

[26] If a movant demonstrates a timely filing of its motion to set aside judgment[5] and a meritorious defense, a trial court may grant relief from the judgment under Rule 60(B)(8) upon an additional showing of "exceptional circumstances" justifying such relief. *Fields*, 118 N.E.3d at 809-10 (citing *Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007), *trans. denied*); *see also State v. Collier*, 61 N.E.3d 265, 268-69 (Ind. 2016). Exceptional circumstances include "equitable considerations" such as (1) whether the movant has a substantial interest in the matter at issue; (2) whether the movant had an "excusable reason" for its untimely response; (3) whether the movant took "quick action to set aside the default judgment" once the complaint was discovered; (4) whether the movant will suffer significant loss if the default judgment is not set aside; and (5) whether the non-movant will suffer only minimal prejudice if the case is reinstated. *Huntington*, 39 N.E.3d at 658.

---

[5] The timing of Dunn's Rule 60(B) motion is not at issue.

[27] Here, Dunn has pointed to evidence establishing that she has a meritorious defense to the interpleader action. As FCIC acknowledged in its interpleader complaint, Dunn was driving a vehicle—in which Sloan was a passenger— when her vehicle was hit by its insured's vehicle driven by Lewis. Dunn contended that the collision was caused by Lewis's negligence and caused her and Sloan personal injuries, and she provided FCIC with documentation regarding those injuries. Moreover, FCIC admitted that "liability is owing to one or more of the parties interpleaded," and that Dunn and Sloan "have an interest in the FCIC policy funds." App. at 108-111. Thus, Dunn has pointed to evidence that, "if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand." *Smith*, 711 N.E.2d at 1265.

[28] Dunn has also shown that relief from the default judgment is justified due to exceptional circumstances, including equitable considerations. Dunn has a substantial interest in the matter—i.e., being reimbursed for her and Sloan's personal injuries caused by the accident—and she will suffer significant loss in the form of that reimbursement if the default judgment is not set aside. Also, Dunn took quick action to set aside the default judgment once she and her counsel learned of the interpleader action.

[29]     Most significantly, Dunn had an "excusable reason" for her untimely response. Dunn and her counsel provided evidence that neither of them was served[6] with the summons, pleadings, or any other documentation relating to FCIC's interpleader action. Yet, Stewart notified FCIC that he represented Dunn just ten days after the date of the accident and approximately six months before FCIC filed its interpleader complaint.[7] In that notification, Stewart specifically advises FCIC that his office represented Dunn, individually and on behalf of Sloan, "with regard to the injuries sustained from an accident caused by Timothy Lewis on June 17, 2017." App. at 78. The letter states that "[a]ny further contact with our clients should cease and any communication should be made directly through this office." *Id.* Furthermore, FCIC acknowledged receipt of that letter and continued to communicate with Stewart's office about Dunn's potential claims arising from the accident.

[30]     Yet, despite this actual knowledge of Dunn's representation, FCIC did not serve Stewart with any of the pleadings or other papers related to its interpleader action, nor did it ever mention that action in any of its

---

[6] In her motion for relief from default judgment, Dunn pointed to evidence that, at all relevant times, she lived at 6125 Castleforce Drive, Apt. G, in Indianapolis. App. at 70. And FCIC provided no evidence in response to show that Dunn actually lived at the place where FCIC alleges it served her, i.e., 933 Albany Street in Indianapolis.

[7] Although FCIC does not deny that it knew Dunn was represented by Stewart, it claims that the exhibits Dunn presented in her Rule 60(B) motion were inadmissible hearsay. FCIC has waived that argument by failing to object to the admissibility of the exhibits in the trial court. *See, e.g.*, *Perez v. Bakel*, 862 N.E.2d 289, 295 (Ind. Ct. App. 2007) ("[A] party must object to evidence at the time it is offered into the record. The failure to timely object waives the right to have the evidence excluded at trial and the right on appeal to assert the admission of evidence as erroneous." (citations omitted)).

communications with Stewart's office. Rather, it continued to communicate with Stewart regarding Dunn's claims, even as it moved for default judgment against Dunn as to those very same claims. And, even though FCIC had problems serving Dunn herself, it still never notified Dunn's counsel of the interpleader action, never served Dunn's counsel with any pleadings or papers, and never asked Dunn's counsel for Dunn's correct address. Given the circumstances, Dunn and her counsel had no reason to believe FCIC would not honor Stewart's instruction regarding communication and every reason to believe that FCIC would inform Stewart of significant developments related to Dunns' claims. They certainly had no reason to believe that FCIC would file a lawsuit regarding Dunn's claims without notifying her legal counsel. Yet, that is just what FCIC did.[8]

[31]     Although FCIC will also suffer some prejudice if the case is reinstated, in that it could be liable for an amount greater than the policy limit, FCIC's own actions caused that prejudice. Had FCIC simply informed Stewart of its interpleader action—or, at the very least, its motion for default in that action—Dunn could have submitted her claim along with those of the other non-defaulted parties and obtained her share of the $50,000 policy limit. Because FCIC continued to

---

[8] Had there been evidence that it was FCIC's attorney who had knowledge of Dunn's legal representation, FCIC's attorney could have been subject to disciplinary action under the Rules of Professional Conduct. *See Smith*, 711 N.E.2d at 1263 (holding that, when a plaintiff's attorney has actual knowledge that the defendant is represented, "that knowledge gives rise to a corresponding duty under the Rules of Professional Conduct to provide notice before seeking any relief from the court," even when the defense attorney has not entered an appearance in the case).

communicate with Stewart about the accident and its liability but never once mentioned its interpleader action, the entire policy limit was paid out to the non-defaulted defendants. Thus, FCIC's own actions have led to any potential liability to Dunn over-and-above the policy limit.

[32] Equitable considerations justified the trial court's decision to grant relief from the default judgment under Trial Rule 60(B)(8). The trial court did not abuse its discretion.

## Order to Make $25,000 Available

[33] The May 29 order granting Dunn's motion for relief from default judgment also ordered that FCIC "shall make up to and at least $25,000.00 of insurance coverage available as to Dunn and Sloan for their claims." App. at 11-12. FCIC also appeals that portion of the order,[9] and we address its contentions, waiver notwithstanding.

[34] This case involves an interpleader action, which is a remedial device that allows parties to be joined in an action where there is uncertainty as to which of multiple claimants a party may be liable. Ind. Trial Rule 22(A); *Indianapolis Newspapers, a Div. of Ind. Newspapers, Inc. v. Ind. State Lottery Comm'n*, 739 N.E.2d

---

[9] FCIC stated in its notice of appeal that this is an appeal from a "Final Judgment." Notice of Appeal at 2. However, the portion of the order stating that FCIC must make $25,000 "available" to Dunn was not a final judgment, as FCIC's motion for summary judgment relating to Dunn's claims is still pending, and FCIC's duties as to Collins have not been discharged. Nevertheless, the order is one "[f]or the payment of money," and is therefore an interlocutory order appealable as of right pursuant to Rule 14(A)(1) of the Indiana Rules of Appellate Procedure.

144, 151 (Ind. Ct. App. 2000) (citing 45 Am. Jur. 2d, Interpleader § 1, at 454-55 (1999)), *trans. denied*. One important purpose of interpleader is "to prevent one of multiple creditors from obtaining the advantage of obtaining the first judgment." 22 Ind. Prac., Civil Trial Prac. § 17.17 (Interpleader) (2d ed.). Another is to protect a party from double or multiple exposure to liability. *Id.* Insurance companies frequently execute their duty to protect their insured from additional liability by bringing such interpleader actions.

[35] However, the purposes of interpleader are only served if all potential claimants are properly identified and made aware of the interpleader action. Yet, as previously detailed, the evidence establishes that FCIC failed to properly serve Dunn with notice of its interpleader action, and it failed to notify her known legal counsel of the same. As a result, the non-defaulted parties were able to obtain a judgment in the entire amount of the $50,000 insurance policy and Dunn received nothing. Thus, FCIC's own actions and inactions thwarted the very purpose of its interpleader action and have subjected Collins, FCIC's insured, to additional liability in an apparent breach of its contractual duty. The trial court did not err in acknowledging that additional liability.[10]

---

[10] FCIC argues that the trial court engaged in impermissible contract reformation when it ordered FCIC to pay an amount above the $50,000 policy limit in the insurance contract. We disagree. The order that FCIC pay additional amounts to Dunn does not reform the insurance contract, but rather it is an acknowledgement that FCIC has exposed Collins (and itself) to additional liability through its failure to correctly serve all parties in the interpleader action.

However, there is no evidentiary basis for the order that FCIC make up to $25,000 available to Dunn for her claims. Although FCIC's apparent breach of the insurance contract exposes Collins to greater liability, there is not yet any evidence in the record regarding the amount of Dunn's claims. There has been no hearing and no evidence submitted to the court regarding those claims, as Dunn had no notice of the interpleader action due to FCIC's failure to serve her or her counsel.[11] Rather, there was only the admission of liability regarding FCIC's insured. Consequently, the trial court erred when it ordered FCIC to set aside a sum certain to satisfy Dunn's claims. Until evidence is presented unencumbered by the protections sought by FCIC through the invocation of Trial Rule 22, Dunn's damages cannot be ascertained. Therefore, we reverse the order requiring FCIC to make up to $25,000 available for Dunn's claims and remand this matter to the trial court for further proceedings.

# Conclusion

FCIC waived its argument that Dunn was not entitled to relief from the default judgment by failing to raise that argument in the trial court. Waiver notwithstanding, the trial court did not abuse its discretion in granting Dunn's motion for relief from default judgment, as Dunn showed a meritorious defense and misconduct of an adverse party under Trial Rule 60(B)(3). And, because of

---

[11] Dunn submitted a settlement demand letter to FCIC on July 12, 2018, but she has not yet submitted evidence regarding her and Sloan's claims to the trial court. That is, due to FCIC's failure to effect proper service on Dunn, Dunn has been unable to assert her claims. *See* T.R. 22(C)(3).

FCIC's failure to properly serve Dunn in the interpleader action, it has exposed itself and its insured to additional liability in this matter. However, the court must first hear evidence to support the amount of that additional liability.

[38] We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Kirsch, J., and Mathias, J., concur.