


**FILED**

Oct 02 2020, 2:21 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-PL-573

## Dawn Riddle and Matthew Riddle,
*Appellants-Plaintiffs,*

—v—

## Dennis Cress, Haley Wilkerson, and Helen Cress,
*Appellees-Defendants.*

---

Decided: October 2, 2020

Appeal from the Johnson Superior Court, No. 41D04-1810-PL-133
The Honorable Marla Clark, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 19A-PL-1471

---

**Per Curiam Opinion**

Chief Justice Rush and Justice David, Justice Massa, and Justice Goff concur.
Justice Slaughter dissents, believing transfer should be denied.

**Per curiam.**

Dawn and Matthew Riddle ("Plaintiffs") sued Dennis and Helen Cress and the Cresses' granddaughter Haley Wilkerson ("Defendants"), alleging that certain statements Defendants made to DCS constituted defamation and false reporting. The summonses and complaint were served on the Cresses on November 15, 2018, and on Wilkerson around December 20. Defendants did not enter appearances or respond to the complaint, and in January 2019, the trial court granted default judgment to Plaintiffs.

The next month, counsel entered an appearance for Defendants and moved for relief from the default judgment under Trial Rule 60(B)(1), arguing that various personal complications Defendants experienced during the fall and winter of 2018 prevented them from responding to the complaint. After a hearing, the trial court entered an order granting Defendants relief from the default judgment and finding "[w]hile Plaintiffs debunked most of the specific reasons Defendants set forth, the Court was nonetheless left with the impression that Defendants, unsophisticated and unrepresented by counsel, were sincerely confused about their obligation to respond." Appellants' App. Vol. 2, p. 13.

A divided panel of the Court of Appeals reversed and remanded, with the majority concluding the trial court abused its discretion by setting aside the default judgment. *Riddle v. Cress*, No. 19A-PL-1471, 2020 WL 1949289 (Ind. Ct. App. 2020), *vacated*. The dissenting judge would have affirmed the trial court under the deferential standard of review. Because we agree with the dissent, we grant transfer and affirm the trial court. *See* Ind. Appellate Rule 58(A).

Once entered, a default judgment may be set aside because of mistake, surprise, or excusable neglect so long as the motion to set aside the default is timely and the moving party also alleges a meritorious claim or defense. *See* Ind. Trial Rules 55(C), 60(B)(1). On appeal, a trial court's decision to set aside a default judgment is entitled to deference and is reviewed for an abuse of discretion. *Allstate Ins. Co. v. Watson*, 747 N.E.2d 545, 547 (Ind. 2001). Any doubt of the propriety of a default judgment should be resolved in favor of the defaulted party. *Wamsley v. Tree City Village*, 108 N.E.3d 334, 335 (Ind. 2018). A trial court will not be found to have abused

its discretion "so long as there exists even slight evidence of excusable neglect." *Coslett v. Weddle Bros. Contr. Co.*, 798 N.E.2d 859, 860-61 (Ind. 2003).

We find the standard of review dispositive here. The trial court rejected most of the personal circumstances Defendants cited in their motion for relief from judgment—including the Cresses' auto accident and Chapter 13 bankruptcy and Wilkerson's knee injury and household move—as insufficient to establish excusable neglect. But it also heard evidence that Plaintiffs had a long history of sending harassing letters and purported legal documents to the Cresses and other family members, supporting the conclusion that Defendants were sincere in their confusion as to whether they needed to respond to this complaint. *See* Tr. pp. 5, 40, 52, 67-69. The trial court's assessments of the parties' credibility and demeanor are the type of fact-sensitive judgments that may not be second-guessed under the deferential standard of appellate review and, here, are sufficient to establish at least "slight evidence" of excusable neglect.

Having granted transfer, we remand the matter to the trial court for further proceedings consistent with this opinion.

Rush, C.J., and David, Massa, and Goff, JJ., concur.
Slaughter, J., dissents, believing transfer should be denied.

ATTORNEY FOR APPELLANTS
Scott A. Norrick
Anderson, Indiana

ATTORNEYS FOR APPELLEES
Denise F. Hayden
Lacy Law Office, LLC
Indianapolis, Indiana

Daniel J. Paul
Williams Barrett & Wilkowski
Greenwood, Indiana