FILED

Aug 31 2023, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jonathan W. Slagh
Hunt Suedhoff Kearney, LLP
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Blake Bower
Corey Meridew
Camden & Meridew, P.C.
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

On the Level Fence & Deck,
Inc.,

*Appellant-Defendant,*

v.

Indiana Bell Telephone
Company d/b/a AT&T Indiana,

*Appellee-Plaintiff*

August 31, 2023

Court of Appeals Case No.
22A-CT-3073

Appeal from the
Lake Superior Court

The Honorable
John M. Sedia, Judge

Trial Court Cause No.
45D01-2207-CT-701

**Opinion by Judge Vaidik**
Judge Tavitas concurs.
Judge Foley dissents with separate opinion.

**Vaidik, Judge.**

# Case Summary

[1] During a fence project, On the Level Fence & Deck, Inc. ("On the Level") damaged utility lines owned by Indiana Bell Telephone Company d/b/a AT&T Indiana ("AT&T"). AT&T sued On the Level and obtained a default judgment after On the Level failed to answer the complaint. The next month, On the Level moved to have the default judgment set aside under Trial Rule 60(B)(1), arguing that it believed its insurer knew about and was dealing with the lawsuit because AT&T had been communicating directly with the insurer before filing suit. The trial court denied the motion. Concluding that On the Level's failure to answer the complaint was the result of excusable neglect, we reverse and remand.

# Facts and Procedural History

[2] In July 2020, On the Level was digging holes for a fence at a home in Crown Point when it damaged underground utility lines owned by AT&T. On July 19, 2022, AT&T sued On the Level, alleging negligence, trespass, and statutory violations. On the Level didn't answer the complaint, and on August 19, AT&T moved for default judgment. Three days later, on August 22, the trial court granted AT&T's motion and entered a default judgment against On the Level in the amount of $12,130.83.

[3] Two-and-a-half weeks later, on September 9, an attorney for On the Level called AT&T's counsel and left a voicemail about the default judgment. On

September 22, another attorney who had been retained by On the Level's insurer wrote to AT&T's counsel explaining that On the Level "mistakenly believed that the insurance company was aware of the suit" and that "it is likely that insurance coverage may be denied based upon the default judgment being entered." Appellant's App. Vol. II p. 75. The letter asked AT&T to agree to vacate the default judgment.

[4] AT&T rejected that request, so on September 28 On the Level moved to set aside the default judgment under Trial Rule 60(B)(1). On the Level argued that it failed to answer the complaint as a result of excusable neglect. In its motion, On the Level stated it believed its insurer "was aware of the Complaint and Summons and was in the process of handling same by hiring counsel for it." *Id.* at 42. On the Level also alleged the following as a meritorious defense:

> [On the Level] was not able to see the lines marked by [AT&T] that had been done prior to the excavation. The markings had been eliminated by the homeowner mowing their grass or by the weather conditions themselves. Either way, the markings were not visible to [On the Level] at the time excavation commenced and therefore [On the Level] was unaware of any underground lines buried by [AT&T].

*Id.* at 43.

[5] In response, AT&T argued that On the Level had no reason to believe that its insurer "would have notice of the lawsuit or complaint without On the Level communicating that information or providing a copy of it to the insurance company." *Id.* at 51. In its written reply, On the Level explained that AT&T

was communicating directly with On the Level's insurer before filing suit and argued that it reasonably assumed the insurer "would handle the matters as they had handled all of the matters up to that point." *Id.* at 109.

[6] The trial court heard oral arguments on the motion to set aside. AT&T's attorney did not dispute that AT&T had been communicating directly with On the Level's insurer before filing suit.[1] Nonetheless, the court denied On the Level's motion. The court found that On the Level "appears" to have a meritorious defense but had not shown excusable neglect. *Id.* at 114-15.

[7] On the Level now appeals.

# Discussion and Decision

[8] On the Level challenges the trial court's denial of its motion to set aside the default judgment. As the parties note, our Supreme Court has said that a trial court's ruling on such a motion is entitled to "substantial deference" and will be reversed only for an abuse of discretion. *Huntington Nat'l Bank v. Car-X Assocs. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015). But the Court has also said that where, as here, a trial court rules on a Trial Rule 60(B) motion based on a paper record and argument from counsel, without an evidentiary hearing, the appellate court "in as good a position as the trial court to determine the force and effect of the

---

[1] On the Level did not submit any documentary evidence of this pre-suit communication, but AT&T has never disputed that the communication occurred.

evidence," and the review is de novo. *In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013); *see also Holland v. Trs. of Ind. Univ.*, 171 N.E.3d 684, 688 (Ind. Ct. App. 2021), *reh'g denied*, *trans. denied*. When the trial court does not hold an evidentiary hearing and judge witness credibility, de novo review is appropriate. But even applying the abuse-of-discretion standard cited by the parties, we conclude the trial court's decision should be reversed.

[9] "Indiana law strongly prefers disposition of cases on their merits." *Coslett v. Weddle Brothers Constr. Co.*, 798 N.E.2d 859, 861 (Ind. 2003), *reh'g denied*. Therefore, a trial court considering a motion to set aside a default judgment "must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits." *Baker v. Paschen*, 188 N.E.3d 486, 491 (Ind. Ct. App. 2022), *reh'g denied*, *trans. denied*. That said, because a default judgment is generally disfavored, any doubt as to its propriety must be resolved in favor of the defaulted party. *Coslett*, 798 N.E.2d at 861.

[10] On the Level moved to set aside the default judgment under Trial Rule 60(B)(1), which provides that a judgment may be set aside based on a party's "mistake, surprise, or excusable neglect" if the motion is filed within one year of the judgment and the moving party alleges "a meritorious claim or defense." On the Level filed its motion well within a year of the default judgment—just over a month after the judgment was entered. And the trial court found that On the Level adequately alleged a meritorious defense, a finding AT&T does not challenge on appeal. Therefore, the only issue before us is whether On the Level showed that its failure to answer AT&T's complaint was the result of "mistake,

surprise, or excusable neglect." On the Level's brief mentions both mistake and excusable neglect, but its discussion focuses on excusable neglect. "Because there is no general rule as to what constitutes excusable neglect under Trial Rule 60(B)(1), each case must be determined on its particular facts." *Huntington Nat'l Bank*, 39 N.E.3d at 655 (cleaned up).

[11] On the Level argues, as it did in the trial court, that because AT&T was communicating directly with On the Level's insurer before filing suit, On the Level reasonably believed that its insurer would (1) know about the lawsuit and (2) continue handling matters as it had been up to that point. The trial court did not address this argument in its order, and AT&T does not respond to it on appeal. Under the circumstances, we agree with On the Level that its failure to contact its insurer after being served with the complaint amounts to excusable neglect. To be sure, On the Level should have contacted its insurer out of an abundance of caution. But by all indications, On the Level, a fence and deck company, is not a sophisticated party with significant litigation experience. *Cf. Huntington Nat'l Bank*, 39 N.E.3d at 658 ("A savvy, sophisticated bank exceedingly familiar with foreclosure actions that fails to respond to a complaint and summons for no reason other than an employee's disregard of the mail cannot successfully allege a breakdown in communication sufficient to establish excusable neglect."). Therefore, it was reasonable for On the Level to believe that AT&T would continue communicating directly with On the Level's insurer after filing suit and that the insurer had things under control.

Balancing the efficiency interests underlying default judgments against our preference for deciding cases on the merits and On the Level's reasonable explanation for not answering the complaint, we conclude the motion to set aside should have been granted whether the standard of review is de novo or abuse of discretion. We reverse the denial of the motion and remand this matter to the trial court for further proceedings on the merits of AT&T's complaint.

Reversed and remanded.

Tavitas, J., concurs.

Foley, J., dissents with separate opinion.

**Foley, Judge, dissenting.**

I respectfully dissent and would affirm the trial court's denial of the motion to set aside the default judgment. I agree with the trial court that On the Level failed in meeting its burden of demonstrating excusable neglect.

The parties extensively briefed the issues to the trial court, appeared for oral argument, and then the trial court issued its order denying On the Level's motion, stating as follows:

> Although it appears that On The Level has a meritorious defense, its mere assertion that:
>
> > . . . [W]hile On the Level Fence & Deck Inc. did receive service of the complaint and subsequent documents, mistakes and excusable neglect resulted in On the Level Fence & Deck Inc.'s failure to notify its insurance company of the pending action or to otherwise retain an attorney to appear on its behalf until after the entry of default judgment, *On The Level Memorandum In Support of Motion To Set Aside Default judgment*, page 1.
>
> is insufficient to overcome its burden as a defaulted party that it was not at fault for a breakdown in communication. Nothing was put forward by On The Level that a subsequent breakdown in communication in the inner workings of its carrier caused a failure to respond to the Complaint and resulted in a default judgment. On The Level simply states that it failed to notify its insurance company or hire an attorney to defend the lawsuit. As the Indiana Supreme Court aptly pointed out in *Smith* [*v. Johnson*, 711 N.E.2d 1259 (Ind. 1999)]:

> This is neglect, but not excusable neglect. . . . The judicial system cannot allow its processes to be stymied by simple inattention. [*Id*.] at 1261.

[16] The majority concludes that it was reasonable for On the Level to believe that the insurer was both aware of the suit and would respond to the suit on its behalf because the insurer had previously engaged in direct negotiations with AT&T in an attempt to settle the claim. Despite its burden, On the Level failed to present any evidence or testimony, either from the insurer or its owners or employees, regarding what communications On the Level had with its insurer and why it failed to take any action in response to the suit. In my view, the record is insufficient to support the conclusion that On the Level's assumption was reasonable and therefore represented a breakdown in communication not of its own making.

[17] I am not unmindful that the balancing of judicial efficiency against the preference for deciding cases on their merits, as identified by the majority, may tilt in On the Level's favor. Nonetheless, I believe On the Level failed to meet its factual burden to demonstrate excusable neglect. It is my opinion that reversal on this record would dilute the distinction between neglect and excusable neglect as to effectively eliminate it. I would affirm the trial court's denial of On the Level's motion to set aside the default judgment.